IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Keri Hammond
and Gary Hammond, :
        Plaintiffs : Civil Action 08-cv-00428

   v. : Judge Marbley

RLJ Management Co.
and Steve Boone, : Magistrate Judge Abel
        Defendants.
: 

**ORDER**

Plaintiffs Keri and Gary Hammond bring this action challenging their eviction from the Village Green South Apartments in Crooksville, Ohio. This matter is before the Court on Plaintiffs' objection (Doc. 6) to Magistrate Judge Abel's May 14, 2008 Initial Screening Report and Recommendation (Doc. 2) that the complaint be dismissed.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Initial Screening Report and Recommendation and **ORDERS** the complaint dismissed for failure to allege subject matter jurisdiction and because the Court does not have jurisdiction to review the Perry County Court's eviction order.

The complaint alleges that on July 23, 2007, the apartment complex manager served the Hammonds with a notice to leave the premises because they had threatened the manager with violence, made harassing phone calls, and made false allegations against neighbors. But RLJ Management Co. did not institute legal proceedings at that

1

time. The Hammonds continued to live in their apartment, but did not pay rent. On October 18, 2007, RLJ Management Co. served a second notice to leave premises and an eviction action alleging failure to pay rent. The Perry County Court ordered their eviction on November 27, 2007. The Hammonds have in effect, appealed that decision to this Court, filing their complaint (Doc. 3) on May 15, 2008.

Rule 8(a) of the Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 127 S.Ct. 2197 (June 4, 2007):

> . . . Rule 8(a)(2) requires only "a short and plaint statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Moreover, *pro se* complaints must be liberally construed. *Erickson v. Pardus*, *supra*; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Analysis. The complaint and the Hammonds' motion for reconsideration do not allege a basis for subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980). A suit may be filed in federal court only if there is a constitutional provision or a statute giving the court subject matter jurisdiction over the claims alleged in the complaint. *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980).

No apparent basis for subject matter jurisdiction appears on the face of the

complaint, the supporting exhibits or the motion for reconsideration filed.  The parties are all residents of Ohio, so there is no basis for diversity jurisdiction under 28 U.S.C. § 1332.  Similarly, there is no federal constitutional or statutory claim pleaded, so there is no basis for federal question jurisdiction under 28 U.S.C. § 1331.  The only federal statute cited in the motion is the "Housing and Urban Development Act".  The Hammonds allege that, because they are renting under a federal program to assist low-income housing, the Federal District Court has jurisdiction over the eviction proceeding.  However, even if this action were not otherwise barred, there is nothing in the statute to give rise to subject matter jurisdiction.  In fact, 42 U.S.C. § 1437f specifically states that this statute should not be construed to limit an owner from "evict[ing] a tenant for any violation of the lease" or for "an actual and imminent threat to other tenants or those employed at... the property."  42 U.S.C. § 1437f(c)(9)(C)(iv)-(v).

If the County Court judge erred in ordering the Hammonds evicted, their remedy is to appeal that decision to the state courts of Ohio, as provided for in the Ohio Revised Code.  This Court has no jurisdiction to review the County Court's judgment.  The *Rooker-Feldman* doctrine states that only the Supreme Court of the United States has jurisdiction to review a case litigated and decided in a state court.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998).  This doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the

3

district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).  The United States Court of Appeals for the Sixth Circuit, has interpreted *Rooker-Feldman* to apply "only when a plaintiff complains of injury from the state-court judgment itself." *Carter v. Burns*, 524 F.3d 796, 798 (6th Cir. 2008); *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006).  Here, the Hammonds are complaining of such an injury, and thus *Rooker-Feldman* applies and bars this action.

To the extent that the complaint may be attempting to allege a federal constitutional claim, "[S]tate courts, like Federal courts, have a constitutional obligation to safe-guard personal liberties and to uphold Federal law." *Stone v. Powell*, 428 U.S. 465, 494 at n.35 (1976), citing *Martin v. Hunter's Lessee*, 1 Wheat. 304, 341-44, 4 L.Ed. 97 (1816).  *See, Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 275-76 (1997); *California v. Grace Brethren Church*, 475 U.S. 393, 417 at n.37 (1982); *Hathorn v. Lovorn*, 457 U.S. 255, 269 (1982); *Kish v. Michigan State Bd. of Law Examiners*, 999 F.Supp. 958, 963-64 (E.D. Mich. 1998).  Whether or not Plaintiffs have a constitutional argument against their eviction, it should have been raised in defense of the County Court eviction action.

One final reason prevents plaintiffs from bringing this lawsuit.  The decision by the Perry County Court is *res judicata*, a "decided matter".   Federal courts are required to give state court judgments the same preclusive effect as the state in which they sit. *Migra v. Warren County School District Board of Education,* 465 U.S. 75, 81 (1984).  The Ohio rule is that a prior judgment is conclusive of all claims that were litigated or could have been litigated.  *Grava v. Parkman Township*, 73 Ohio St.3d 379, 382 (1995).  An Ohio

4

court judgment "is conclusive as to all claims which were or might have been litigated in a first lawsuit." *National Amusements, Inc. v. City of Springdale,* 53 Ohio St.3d 60, 62 (1990).  All existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit, regardless of who files the suit.  *Rettig Enterprises, Inc. v. Koehler,* 68 Ohio St. 3d 274, syllabus at 1 (1994).  Here the lawsuit has already occurred - it was the eviction action.

The United States Court of Appeals for the Sixth Circuit has consistently held that any claims a litigant could have litigated against a party in a prior lawsuit are barred from being raised in a second lawsuit involving the same party.  *Rivers v. Barberton Board of Education,* 143 F.3d 1029, 1032 (6th Cir. 1998); *J.Z.G. Resources, Inc. v. Shelby Insurance Company,* 84 F.3d 211, 214 (6th Cir. 1996); *Osborn v. Ashland County Board of Education,* 979 F.2d 1131, 1133-34 (6th Cir. 1992).

Here all of the Hammonds' claims could have been asserted in the Perry County Court eviction action.  The complaint does not plead a claim independent of the County Court suit.  It essentially pleads a "defense" to that suit.

The Plaintiffs' objection (doc. 6) to the Magistrate Judge's Initial Screening Report and Recommendation (doc. 2) is therefore **OVERRULED** and the Report and Recommendation (doc. 2) is **ADOPTED**.  The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendants.  This action is hereby **DISMISSED** with **PREJUDICE**.

s/ Algenon L. Marbley

United States District Judge